Jose Armando CENTENO, Petitioner,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75672.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 16, 2007.

Before: ALARCÓN, HALL and PAEZ, Circuit Judges.

MEMORANDUM **

Jose Armando Centeno, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000), and we deny the petition for review.

The BIA did not abuse its discretion in concluding that Centeno's motion to reopen, filed more than eight years after the entry of the in absentia order of deportation, was untimely. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(A) (requiring an alien seeking to rescind an order of removal

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

entered in absentia to file a motion to reopen within 180 days of the date of the order).

We reject Centeno's contention that the 180-day filing deadline for motions to reopen based on exceptional circumstances does not apply to him because he did not receive adequate notice of the deportation hearing. Centeno concedes that he was personally served with written notice, and the BIA did not abuse its discretion in concluding notice was adequate pursuant to 8 U.S.C. § 1252b(a)(1)(2)(1995) ("In deportation proceedings under section 1252 of this title, *written notice* ... shall be given in person to the alien.") (emphasis added); *cf. Flores–Chavez v. Ashcroft,* 362 F.3d 1150, 1163 (9th Cir.2004) (concluding that when the INS releases a minor alien to an adult's custody the agency must serve notice upon the adult).

**PETITION FOR REVIEW DENIED.**